## DITSON *versus* RANDALL.

Fraud practised by the vendee of a chattel, whereby he obtained the sale and delivery of it to himself, will not authorize the vendor to retake it from one, who had subsequently purchased it, for value, and without knowledge of the fraud.

Where a case is submitted upon a statement of facts, and the statement shows that an act was done either " feloniously or fraudulently," the Court are not at liberty to infer that the act was felonious, but will consider it as merely fraudulent.

ON FACTS AGREED at *Nisi Prius.*

REPLEVIN for a mare.

One Rose hired a horse in Portland to go to Lewiston. He "feloniously or fraudulently" carried the horse through Lewiston to Readfield, and there exchanged him with Furbush, for another horse. He then exchanged the Furbush horse with the plaintiff for the mare now replevied. He afterwards exchanged that mare with the defendant, for another horse. In these exchanges, Furbush and the plaintiff and the defendant were, each one, ignorant of any felony or fraud on the part of Rose.

The owner of the Portland horse retook it from Furbush, who then took from the plaintiff the horse which he, Furbush, had delivered to Rose. The plaintiff thereupon demanded of the defendant the mare now replevied.

*Abbott*, for the plaintiff.

Rose had no title to the horse he hired in Portland. He fraudulently exchanged it with Furbush. Furbush thereby acquired no title to the horse, and it was rightfully reclaimed by the owner in Portland. Rose, by the fraudulent transactions with Furbush, acquired no title to Furbush's horse. He exchanged the Furbush horse with the plaintiff Ditson. But as Rose had no title to the horse, he could give none to Ditson. He practised a fraud upon Ditson, by which he neither gave any title to the Furbush horse to Ditson, nor acquired any title himself to the Ditson horse. Furbush rightfully reclaimed his horse from Ditson. Rose, in the meantime, had fraudulently, and without any right, transferred the Ditson horse to the defendant Randall. Rose, having no title, could not give any. Ditson, having made demand on Randall for his horse, and it being refused, brought his action of replevin. He may well maintain it. He had never parted with the title. Randall's ignorance of the fraud of Rose furnishes him no protection. "*Caveat emptor*" will apply.

Whoever purchases must at his peril see that the vendor has a right to sell.

*S. Belcher* and *Marshall*, for the defendant.

The case shows, there was no fraud in any of the transac-

tions, subsequent to the exchange of horses by Furbush and Rose. The plaintiff purchased in good faith, without notice of the fraud, and the sale of the mare by him to Rose was absolute and perfect. The mare, being in the open and undisturbed possession of Rose, was purchased of him by the defendant, *bona fide,* for a valuable consideration, and without notice of any fraud.

The title to the mare in the defendant, is not invalidated by fraudulent acts of other parties. *Hussey* v. *Thornton,* 4 Mass. 405; *Buffington* v. *Gerrish,* 15 Mass. 156; *Carleton* v. *Sumner,* 4 Pick. 516; *Smith* v. *Dennie,* 6 Pick. 262; 6 Wend. 83; 1 I. R. 471; 12 I. R. 548; 16 Cow. 44; *Mowry* v. *Walsh,* 8 Cow. 238; *Rowley* v. *Bigelow,* 12 Pick. 307; *Williams* v. *Given,* 6 Gratton's Va. Rep., vide Law Mag. Jan. No. '51, p. 76; *Gilbert* v. *Hudson,* 4 Maine, 345; *Neal* v. *Williams,* 18 Maine, 391.

TENNEY, J., orally. —

We cannot assume that the horse was put away feloniously. We are at liberty only, to conclude from the statement of facts, that it was done fraudulently. And the doctrine is, that the vendor of a chattel, though the sale was procured by the fraudulent conduct of the vendee, cannot reclaim the property from a subsequent innocent purchaser.

*Judgment for the defendant.*